## Jensen v. Warne & MacDonald.

*Workmen's compensation — Injuries on navigable waters — Judgment entered under compensation agreement.*

Where the claimant was injured upon navigable waters, the case is exclusively within the jurisdiction of admiralty, the Workmen's Compensation Board has no power to make an award, and judgment may not be entered by the prothonotary upon an order from claimant's attorney under a compensation agreement.

Rule to vacate judgment and set aside execution. C. P. No. 5, Phila. Co., Dec. T., 1922, No. 7500.

*G. C. Klauder,* for plaintiff; *L. Wagner,* for defendants.

MARTIN, P. J., Aug. 16, 1923.—Plaintiff, while employed by defendants as a painter, was injured by an explosion on board a ship in navigable water, at Hog Island, Pennsylvania. He filed a claim for compensation with the Workmen's Compensation Bureau of the Pennsylvania Department of Labor and Industry. Subsequently an agreement made with defendants for the payment of compensation was produced and the petition was withdrawn. Under the terms of the agreement, defendants paid to plaintiff $252.

The agreement was filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, accompanied by an order from plaintiff's counsel directing the prothonotary to "enter judgment in favor of the above claimant against the defendant on the compensation agreement No. 1302648," and to "assess the plaintiff's damages as follows: Amount due at $12 per week from April 20, 1922, to Jan. 18, 1923, a total of thirty-nine weeks, or $428."

Judgment was entered by the prothonotary for the sum claimed, although it included money already paid by defendants to plaintiff under the agreement. No affidavit of default by defendants was filed, but execution issued.

Defendants filed a petition, alleging that the judgment was unlawfully entered, and claiming that the accident to plaintiff, having occurred upon navigable water, was exclusively within the admiralty jurisdiction and not the subject of the Pennsylvania Compensation Law. The rule was granted to show cause why the judgment should not be vacated and the writ of *fieri facias* set aside.

That the claim for compensation of a workman injured upon navigable waters is exclusively within the jurisdiction of admiralty, and a state com-

pensation board has no power in such cases to make an award, has been declared by the Supreme Court of the United States: Southern Pacific Co. v. Jensen, 244 U. S. 205; Knickerbocker Ice Co. v. Stewart, 253 U. S. 149.

Plaintiff's counsel, apparently recognizing that the Compensation Bureau was without jurisdiction when defendants' counsel produced the agreement for payment of compensation, withdrew the claim petition.

There being no jurisdiction in the Workmen's Compensation Board, the prothonotary had no right to consider that the agreement of the parties conferred power upon him to treat it as a finding of the board.

As there was no legal authority for the entry of the judgment, it should be struck off and the execution set aside. Rule absolute.